Eastern District of Kentucky
FILED
JAN 04 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-226-GWU

TERRY L. FUGATE,                          PLAINTIFF,

VS.                MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

Fugate

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which

2

appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely

3

using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Terry L. Fugate, was found by an Administrative Law Judge (ALJ) to have a number of "severe" physical and mental impairments. (Tr. 20-1). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Fugate retained the residual functional capacity to perform a significant number of jobs available in the economy suitable for a person "closely approaching advanced age," with a ninth grade education and no transferable work skills. (Tr.. 48, 77-9). The Appeals Council declined to review, and this action followed.

The only issue raised by the plaintiff on appeal is that the ALJ did not give a rationale for failing to adopt the entire functional capacity limitations given by non-examining state agency psychological reviewers, who gave opinions on December

4

5, 2002 and March 17, 2003, that Mr. Fugate would have a "moderately limited" ability to respond appropriately to changes in the work setting and to "complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. " (Tr. 302-4, 325-7).[1] The plaintiff notes that the ALJ did not include the portion of the restriction regarding performing at a consistent pace.

20 C.F.R. Section 404.1527 does provide that the opinions of state agency reviewers must be considered by ALJs. In the present case, no rationale was provided for rejecting the limitations on pace found by the reviewers, and the full opinion of the reviewers was not mentioned by the ALJ (Tr. 21), so the plaintiff's objection is sound.

The Court also notes, in addition, that a subsequent physical evaluator, Dr. Mark Vollenweider, made a consistent comment that Mr. Fugate's ability to respond to work pressures "would not be appropriate" (Tr. 333, 343) and that a subsequent psychiatric consultative evaluator found even more limitations (Tr. 378-82). Particularly in view of the VE's apparent testimony (although garbled in the Court transcript) that limited types of jobs would be available for a person of the plaintiff's

---

[1] They used standard language employed on a Social Security Administration form and, based their on a consultative psychological examination by Dr. Gary Maryman, who had noted some limitation in Mr. Fugate's ability to respond to stress and pressures of day-to-day work settings. (Tr. 277).

5

age, education and work experience, and that he would be disabled under the "grid" rules if limited to sedentary work (Tr. 78-9), the issue of Mr. Fugate's mental restrictions needs to be reconsidered.

Although the case is being remanded on psychological grounds, the plaintiff may take the opportunity to submit additional information about his physical condition as well.

The decision will be remanded for further consideration.

This the ____ day of January, 2004.

G. WIX UNTHANK
SENIOR JUDGE

age, education and work experience, and that he would be disabled under the "grid" rules if limited to sedentary work (Tr. 78-9), the issue of Mr. Fugate's mental restrictions needs to be reconsidered.

Although the case is being remanded on psychological grounds, the plaintiff may take the opportunity to submit additional information about his physical condition as well.

The decision will be remanded for further consideration.

This the _____ day of January, 2006.

G. WIX UNTHANK
SENIOR JUDGE

6